IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JEFFREY P. PHELPS, | Case No. 3:17-cv-00139-JR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

RUSSO, Magistrate Judge:

Plaintiff Jeffrey Phelps brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Title II Disability Insurance Benefits. All parties have consented to allow a Magistrate Judge enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). For the reasons set forth below, the Commissioner's decision is reversed and this case remanded for the immediate payment of benefits.

## BACKGROUND

Born in 1965, plaintiff alleges disability beginning March 9, 2012, due to fibromyalgia, hemochromatosis, hypertension, and back, neck, and shoulder problems. Tr. 65-69, 177, 198.[1] On July 8, 2015, the Administrative Law Judge ("ALJ") issued a decision finding plaintiff not disabled. Tr. 45-53. After the Appeals Council denied his request for review, plaintiff filed a complaint in this Court. Tr. 1-6.

## THE ALJ'S FINDINGS

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 47. At step two, the ALJ determined the following impairments were medically determinable and severe: "degenerative disc disease of the spine, degenerative joint disease of the shoulders, obesity, and fibromyalgia." Id. At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 48.

The ALJ next resolved plaintiff had the residual functional capacity ("RFC") to perform light work except:

> He is further limited to no climbing of ladders, ropes, or scaffolds, no crawling, occasional climbing of ramps and stairs, stooping, crouching, kneeling, occasional overhead reaching, frequent reaching in other directions, and frequent fingering and handling.

Tr. 48.

At step four, the ALJ concluded plaintiff could perform his past relevant work as a project administrative coordinator. Tr. 52.

---

[1] The record before the Court constitutes nearly 800 pages, but with some incidences of duplication. Where evidence occurs in the record more than once, the Court will generally cite to the transcript pages on which that information first appears.

**DISCUSSION**

Plaintiff argues the ALJ erred by: (1) discrediting his subjective symptom testimony; (2) failing "to mention, or assign weight to the medical opinions of treating physicians David C. Koon, M.D., Daniel Sager, M.D., and Ira Weintraub, M.D."; and (3) rejecting the lay medical opinion of nurse practitioner Mary Kathryn Thompson. Pl.'s Opening Br. 4-5 (doc. 12). The Commissioner concedes harmful legal error in regard to all issues raised by plaintiff. Def.'s Resp. Br. 3 (doc. 20). As such, the sole issue on review is the proper legal remedy.

Plaintiff contends his subjective symptom statements should be credited as true and that this case should be remanded for the immediate payment of benefits given the vocational expert's ("VE") testimony. Pl.'s Opening Br. 34-35 (doc. 12). Conversely, the Commissioner asserts further proceedings are warranted because the medical record is ambiguous, the ALJ did not reach step five, and, "[e]ven if the Court credited the relevant medical evidence, there still is the slightest uncertainty of disability." Def.'s Resp. Br. 4-6 (doc. 20).

The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1101-02 (9th Cir. 2014). Nevertheless, a remand for an award of benefits is generally appropriate when: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed, there are no outstanding issues that must be resolved, and further administrative proceedings would not be useful; and (3) after crediting the relevant evidence, "the record, taken as a whole, leaves not the slightest uncertainty" concerning disability. Id. at 1100-01 (citations omitted); see also Dominguez v. Colvin, 808 F.3d 403, 407-08 (9th Cir. 2015) (summarizing the standard for determining the proper remedy).

Upon review of the record, remand for the immediate payment of benefits is proper. Initially, as noted above, it is undisputed the ALJ neglected to provide legally sufficient reasons, supported by substantial evidence, for discrediting plaintiff's subjective symptom statements and the medical opinions of Ms. Thompson and Drs. Koon, Weintraub, and Sager.

Second, the record has been fully developed and there are no outstanding issues, such that further proceedings would not be useful. Although the Commissioner cites "outstanding evidentiary issues" as necessitating further proceedings, the only factual discrepancy the Commissioner identifies is between the medical opinions of plaintiff's treating doctors – all of whom indicate plaintiff is significantly functionally limited and/or disabled – and state agency consulting source Martin Lahr, M.D.[2] Def.'s Resp. Br. 4-5 (doc. 20). As a preliminary matter, a "conflict between medical opinions alone does not render evidence ambiguous." Freeman v. Colvin, 669 Fed.App. 861, 861 (9th Cir. 2016) (citing Tonapetyan v. Halter, 242 F.3d 1144, 1148-49 (9th Cir. 2001)).

Even assuming that such a conflict did create ambiguity, "the opinion of a nonexamining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." Morgan v. Comm'r of. Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted). In other words, further proceedings are not necessary to "resolve inconsistencies between [treating or examining doctor] opinions and those of reviewing medical consultants." Stone v. Comm'r of Soc. Sec. Admin., 2015 WL 5092601, *4

---

[2] The Court notes the record contains two state agency consulting source opinions: in December 2012, Sharon Eder, M.D., found that plaintiff could perform a limited range of light work; in August 2013, Dr. Lahr opined that plaintiff could perform a limited range of sedentary work. Tr. 90-92, 104-06. The ALJ rejected Dr. Lahr's report and afforded "great weight" to Dr. Eder's assessment, formulating an RFC consistent therewith. Tr. 50. Nevertheless, the Commissioner relies exclusively on Dr. Lahr's opinion because, unlike Dr. Eder, he "reviewed . . . the opinions Drs. Sager, Koon, and Weintraub." Def.'s Resp. Br. 4-5 (doc. 20).

(D. Or. Aug. 26, 2015); see also Pitzer v. Sullivan, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (remanding for the immediate payment of benefits despite inconsistencies between the claimant's examining doctor and the state agency consulting sources). Moreover, plaintiff's date last insured was December 31, 2017, such that the record cannot be supplemented by additional evidence at this time. Tr. 47.

The Commissioner's contention that "further proceeding would be useful [because the ALJ] stopped at step four of the sequential evaluation process" is likewise unpersuasive. Def.'s Resp. Br. 5 (doc. 20). Notably, the Commissioner implicitly acknowledges that, based on plaintiff's subjective symptom statements and the improperly rejected medical evidence, plaintiff cannot perform his past relevant work. Id. As discussed herein, the Commissioner does not otherwise identify any meaningful ambiguity or uncertainty in the record. Regardless, further proceedings are not required simply because the ALJ did not reach step five. See Garrison v. Colvin, 759 F.3d 995, 1020-23 (9th Cir. 2014) (remanding for the immediate payment of benefits, despite the fact the ALJ stopped the sequential analysis at step four, where it was clear from the record that the claimant was disabled).

Third, if plaintiff's testimony were credited as true, the ALJ would be required to make a finding of disability on remand. In relevant part, plaintiff testified at the hearing that, since his March 2012[3] cervical surgery, he has suffered from health issues and severe chronic pain. Tr. 63-68, 72-78. As a result, plaintiff explained that he can lift five to ten pounds, sit for 15 to 30 minutes, and stand for five to ten minutes at one time. Tr. 64, 70, 75-76. Accordingly, he indicated the majority of his day was spent "[r]eclining in a recliner or laying on the couch." Tr.

---

[3] As the ALJ acknowledged, plaintiff had "an excellent work history," in a skilled field, prior to March 2012. Tr. 66-67, 79.

Page 5 - OPINION AND ORDER

70; see also Tr. 78 (plaintiff reporting that he is out of bed no more than approximately six hours per day). The VE, in turn, testified that a hypothetical individual with plaintiff's age, education, and work experience, and who was "limited to total sitting, standing, and walking time of about five to six hours a day," would not be able to perform plaintiff's past relevant work or any "other competitive jobs on a full-time basis." Tr. 80.

Finally, the record, as a whole, does not create serious doubt plaintiff is disabled. The Commissioner articulates three arguments in support of its assertion that "there is still the slightest uncertainty" concerning disability: (1) the opinions of Drs. Koon, Weintraub, and Sager "are in the forms of conclusions that Plaintiff was disabled or unable to work [such that] they are not entitled to any special significance"; (2) to the extent specific functional limitations are provided, "it is not clear that crediting [those limitations] would result in a finding of disability"; and (3) "under the regulations, a claimant's statements about his pain or other symptoms will not alone establish that he is disabled." Def.'s Resp. Br. 6-8 (doc. 20) (citations and internal quotations and brackets omitted).

The Commissioner's arguments are unavailing. Regarding the latter, the Commissioner is correct that the regulations concerning step two of the sequential disability analysis specify an impairment can only be considered medically determinable if "it is diagnosed by an acceptable medical source and based upon acceptable medical evidence, such as signs, symptoms, and laboratory finding's; under no circumstances may the existence of an impairment be established on the basis of symptoms alone." Pourier v. Colvin, 2015 WL 4507438, *5 (D. Or. July 22, 2015) (citations and internal quotations omitted). Yet there is no dispute here that the ALJ resolved step two in plaintiff's favor, and subsequently determined plaintiff's severe and medically determinable impairments (including fibromyalgia) could cause some degree of

Page 6 - OPINION AND ORDER

symptoms. Tr. 47, 49. Thus, as plaintiff observes, the Commissioner "is incorrect . . . that a finding of disability cannot be made based on crediting-as-true a claimant's improperly rejected pain testimony" under these circumstances. Pl.'s Reply Br. 11 (doc. 21). Indeed, courts within this District and the Ninth Circuit routinely credit the claimant's subjective symptom statements and remand for the immediate payment of benefits. See, e.g., Peterson v. Comm'r Soc. Sec. Admin., 123 F.Supp.3d 1256 (D. Or. 2015); Rawa v. Colvin, 672 Fed.App. 664 (9th Cir. 2016); Moody v. Berryhill, 2017 WL 4740792 (D. Or. Oct. 11, 2017); see also Lingenfelter v. Astrue, 504 F.3d 1028, 1041 (9th Cir. 2007) (a claimant's testimony alone may establish an entitlement to benefits).

Accordingly, the Court need not address the Commissioner's remaining arguments concerning the medical evidence. The Court nonetheless notes that plaintiff's testimony is consistent with the overall medical record, including the opinions of his treating providers. In fact, the medical record overwhelmingly supports plaintiff's allegations of severe chronic pain and its disabling effects. See, e.g., Tr. 334-35, 353, 371-73, 390-92, 394, 405-07, 411-15, 418, 421, 423-24, 439-42, 545-47, 558-59, 571, 591, 728-41; see also Pl.'s Reply Br. 15 (doc. 21) ("[e]very single one of Plaintiff's treating doctors, as well as his NP at his pain management clinic, opined as to Plaintiff's unemployability, or permanent disability . . . it would be absurd [if these opinions could] be relied on to support the conclusion there is 'serious doubt' Plaintiff is disabled").

In sum, plaintiff is nearly 53 years old and applied for benefits approximately six years ago, and there are no outstanding issues given plaintiff's and the VE's testimony, especially when viewed in conjunction with the treating medical evidence. Therefore, the proper remedy is to remand this case for the immediate payment of benefits.

## CONCLUSION

The Commissioner's decision is REVERSED and this case is REMANDED for the immediate payment of benefits.

IT IS SO ORDERED.

DATED this 22nd day of January 2018.

 s/Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge